ORIGINAL

FILED

07 JUL 18 AM 10: 57

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

1  MARK I. LABATON (CA Bar No. 159555)
   **KREINDLER & KREINDLER LLP**
2  707 Wilshire Boulevard, Suite 4100
   Los Angeles, CA 90017
3  Telephone: (213) 622-6469
   Facsimile:  (213) 622-6019
4  mlabaton@kreindler.com

5  HILARY B. TAYLOR (CA Bar No. 203796)
   **KREINDLER & KREINDLER LLP**
6  100 Park Avenue
   New York, NY 10017
7  Telephone: (212) 687-8181
   Facsimile: (212) 972-9432
8  htaylor@kreindler.com

9  GEORGE A. SHOHET (CA Bar No. 112697)
   **LAW OFFICES OF GEORGE SHOHET**
10 245 Main Street, Suite 310
   Venice, CA 90291
11 Telephone: (310) 452-3176
   Facsimile:  (310) 452-2270
12 gshohet@aol.com

13 Attorneys for Relator

14

15                  UNITED STATES DISTRICT COURT

16              SOUTHERN DISTRICT OF CALIFORNIA

17                      '07 CV 1292    **LAB** (CAB)

18 UNITED STATES OF AMERICA <u>ex</u>        ) Civil Case Number:
   <u>rel</u>. [Under Seal],                 )
19                                          ) COMPLAINT FOR VIOLATION OF
                  Plaintiff,                ) FEDERAL FALSE CLAIMS ACT
20                                          )
                                            ) JURY TRIAL DEMANDED
21 v.                                       )
                                            ) **FILED UNDER SEAL**
22                                          ) **PURSUANT TO THE FALSE**
                                            ) **CLAIMS ACT [31 U.S.C. § 3729 et**
23 [Under Seal],                            ) **seq.]**
                                            )
24                  Defendants.             )
                                            )
25 _____ )

26

27

28

206333.1

COMPLAINT FOR FALSE CLAIMS

MARK I. LABATON (CA Bar No. 159555)
**KREINDLER & KREINDLER LLP**
707 Wilshire Boulevard, Suite 4100
Los Angeles, CA 90017
Telephone: (213) 622-6469
Facsimile:  (213) 622-6019
mlabaton@kreindler.com

HILARY B. TAYLOR (CA Bar No. 203796)
**KREINDLER & KREINDLER LLP**
100 Park Avenue
New York, NY 10017
Telephone: (212) 687-8181
Facsimile: (212) 972-9432
htaylor@kreindler.com

GEORGE A. SHOHET (CA Bar No. 112697)
**LAW OFFICES OF GEORGE SHOHET**
245 Main Street, Suite 310
Venice, CA 90291
Telephone: (310) 452-3176
Facsimile:  (310) 452-2270
gshohet@aol.com

Attorneys for Relator

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ANNA WELLS, | Civil Case Number: |
| Plaintiff, | COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT |
| v. | JURY TRIAL DEMANDED |
| CR ASSOCIATES, INC., and DOES 1-500, inclusive, | **FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT [31 U.S.C. § 3729 et seq.]** |
| Defendants. | |

- 1 -

206333.1

COMPLAINT FOR FALSE CLAIMS

1  Relator/plaintiff, Anna Wells, alleges as follows:

2  **SUMMARY OF THE ACTION**

3      1.    Ms. Wells brings this action on behalf of the United States of

4  America to recover damages, civil penalties, and other relief arising from false

5  claims and false statements made in violation of the Federal False Claims Act

6  ("FCA").

7      2.    Defendant CR Associates ("CRA") is a private, for-profit company

8  that operates healthcare clinics throughout the United States providing services to

9  the Department of Veterans Affairs ("the VA").

10      3.    This action arises from false claims and false statements made to the

11  VA by CRA's health clinic located in Escondido, California.

12  **THE PARTIES**

13      4.    Ms. Wells has worked as a registered nurse since 1997.  She holds a

14  Bachelor of Science in Nursing from San Diego State University.   Early in 2007,

15  she worked at the VA Clinic in Escondido, California operated by CRA.

16      5.    Defendant CRA is a Delaware corporation with a principal place of

17  business in Virginia. CRA runs outpatient clinics for the VA throughout the

18  country, including clinics in San Diego, California.

19      6.    Relator is unaware of the true names and capacities of the defendants

20  sued as Does 1-500 inclusive.

21  **JURISDICTION AND VENUE**

22      7.    This Court has subject matter jurisdiction pursuant to 31 U.S.C. §

23  1331 and 31 U.S.C. § 3732, which confer jurisdiction on this Court for actions

24  brought under 31 U.S.C. §§ 3729 and 3730.

25      8.    This Court has jurisdiction over the defendants pursuant to 31 U.S.C.

26  § 3732(a), which authorizes nation-wide service of process.  Moreover, defendants

27  transact business in this district.

28

206333.1

COMPLAINT FOR FALSE CLAIMS

1      9.    Venue is proper in this district pursuant to 31 U.S.C. § 3732(a)

2  because the Defendants can be found in, reside in, and/or transact business in the

3  Southern District of California.

4                **SUBSTANTIVE ALLEGATIONS**

5     **A.**    **CRA's Contract With The VA**

6      10.    In 2006, CRA submitted a proposal to operate the VA Clinic in

7  Escondido, California.  In the proposal, CRA agreed, among other things, to: bill

8  the VA only for authorized work and at rates permitted by the VA; provide quality

9  health care; employ a staff certified to perform the services required; and follow

10  mandated health and infection policies.

11      11.    On or about October 31, 2006, the VA accepted CRA's proposal and

12  retained CRA "to provide Primary Care services to veterans of the VA San Diego

13  Healthcare System."

14      12.    On or about February 26, 2007, Ms. Wells started working at the VA

15  Clinic in Escondido run by CRA.  Clinic director, Steven Jackson, hired her as a

16  nurse manager to supervise the nursing staff, assist in the day-to-day management

17  of the clinic and help ensure it complied with VA requirements.

18     **B.**    **False Charging The VA**

19      13.    The VA reimbursed the clinic for certain visits that included

20  "treatment" and "diagnosis" of patients.  These were referred as "vesting" visits,

21  and the clinic could collect $420 for such patient visits.  CRA had no right to seek

22  reimbursement for other visits to the clinic that did not involve "treatment" and

23  "diagnosis" of patients.  Such visits were known as "non-vesting visits."  These

24  "non-vesting visits" — including patients coming in merely to have prescriptions

25  filled — constituted the bulk patient visits to the clinic.

26      14.    At Mr. Jackson's direction, the clinic classified virtually all visits to

27  as "vesting" ones even though the majority were clearly "non-vesting" visits that

28

206333.1

1 required no "treatment" or "diagnosis."  The clinic also knowingly submitted false

2 claims and statements to the VA to fraudulently procure VA funds for clinic visits

3 that it had no right to receive.

4      15.     Based on information and belief, other VA clinics operated by

5 CRAssociates also engage in the same fraudulent billing practices, including

6 charging the VA for non–vesting visits.  In so doing, they also have made false

7 claims and statements to the United States.

8      **C.     Healthcare, Training and Privacy Issues**

9      16.     Besides submitting false claims to the VA for clinic visits for which

10 the clinic had no right to seek reimbursement, the clinic failed to:

11      ● implement policies and procedures for infection control and sterilization

12 of equipment.  For example, one machine used to sterilize equipment had not been

13 cleaned for years, and the clinic did not monitor the sterilization of other

14 equipment;

15      ● maintain defibrillator training or log books;

16      ● advise patients of their rights and provide them with forms confirming

17 they were informed;

18      ● ensure that only qualified medical personnel fill prescriptions;

19      ● maintain nursing policy and procedure manuals;

20      ● perform background checks on employees before they were hired and

21 ensure that only such employees receive computer passwords and access to

22 patient medical records;

23      ● ensure that medical assistants pass a medication administration test

24 required by both the Joint Commission of Accrediting Health Organizations and

25 the clinic's contract with the VA; and

26      ● maintain complete medical records and charts and electronic medical

27 records as required by the VA.

28

- 4 -

1

**D.    Unlawful Retaliation and Termination**

2      17.    On or about March 5, 2007, Ms. Wells wrote a memorandum to Mr.
3   Jackson in which she explained her concerns regarding the safety and welling of
4   the clinic's patients and its failure to comply with its VA contract.

5      18.    Later that day, Ms. Wells received a call from the human resources
6   administrator at the clinic informing her that she was placed on paid administrative
7   leave.  At that time, the clinic's human resources administrator told Ms. Wells this
8   was being done for Ms. Well's benefit so that she did not have to work in an
9   environment that she felt presented a danger to patients.

10     19.    While on administrative leave, Ms. Wells met at CRA's request with
11  CRA company representatives Kathleen Orlinsky and Lynne Stockebrand.  The
12  meeting took place at a local hotel.  Prior to the meeting, Ms. Wells said she
13  wanted to discuss how the clinic's safety and healthcare compliance problems
14  could be fixed.  She was assured that this would be addressed.  Instead, the two
15  company representatives appeared to have only one interest: they wanted to know
16  if Ms. Wells took any documents from the clinic before being placed on leave.

17     20.    On March 27, 2007, the clinic terminated Ms. Wells' employment.

18                    **COUNT ONE**

19          **(False Claims Act, 31. U.S.C. § 3729(a)(1))**

20                **(Against All Defendants)**

21     21.    Ms. Wells realleges and incorporates by reference all paragraphs set
22  forth herein.

23     22.    By virtue of the acts described above, defendants knowingly or acting
24  in deliberate ignorance or reckless disregard presented or caused to be presented to
25  the United States false or fraudulent claims for payment or approval in violation of
26  the FCA.

27     23.    Because of these acts, the United States has suffered damages.

28

- 5 -

206333.1

COMPLAINT FOR FALSE CLAIMS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT TWO

(False Claims Act, 31. U.S.C. § 3729(a)(2))

(Against All Defendants)

24.    Ms. Wells realleges and incorporates by reference all paragraphs set forth herein.

25.    By virtue of the acts described above, defendants knowingly or acting in deliberate ignorance or reckless disregard made, used, or caused to be made or used, falses record or statements to get a false or fraudulent claims paid or approved by the United States in violation of the FCA.

26.    Because of these acts, the United States has suffered damages.

COUNT THREE

(False Claims Act, 31. U.S.C. § 3729(a)(3))

(Against All Defendants)

27.    Ms. Wells realleges and incorporates by reference all paragraphs set forth herein.

28.    By virtue of the acts described above, defendants conspired to defraud the United States by getting a false or fraudulent claim allowed or paid in violation of the FCA.

29.    Because of these acts, the United States has suffered damages.

COUNT FOUR

(Common Law Fraud)

(Against All Defendants)

30.    Ms. Wells realleges and incorporates by reference all paragraphs set forth herein.

31.    The false records or statements made by defendants, as described above, were misrepresented and concealed material facts.

- 6 -

32.     Defendants knowingly and/or in reckless disregard of the truth misrepresented and concealed material facts.

33.     Defendants made these misrepresentations of material fact or failed to disclose material facts intending that the United States would rely on their accuracy in evaluating Defendants' contract proposal, in granting the contract, and in paying their claims in connection with the contract award.

34.     The United States justifiably relied on Defendants' false and misleading representations in evaluating Defendants' contract applications, in granting their contract award, and paying their claims in connection with this contract.

35.     Defendants defrauded the United States.

36.     Defendant's conduct has caused the United States to suffer damages.

## COUNT FIVE

### (Unjust Enrichment)

### (Against All Defendants)

37.     Ms. Wells realleges and incorporates by reference all paragraphs set forth herein.

38.     Defendants have been unjustly enriched at the expense of the United States.

39.     The United States is entitled to damages as a result of this unjust enrichment.

## COUNT SIX

### (Payment Under Mistake of Fact)

### (Against All Defendants)

40.     Ms. Wells realleges and incorporates by reference all paragraphs set forth herein.

- 7 -

1   41.    The United States paid or approved the claims submitted by

2   Defendants under the erroneous belief that the statements Defendants made were

3   truthful.

4   42.    These erroneous beliefs were material to the amount of money the

5   United States paid.

6   43.    Because of these mistakes of fact, Defendants received money to

7   which they were not entitled.

8   44.    By reason of the overpayments described above, the United States is

9   entitled to damages in the amount of overpayment.

10                               **COUNT SEVEN**

11                    **(False Claims Act, 31. U.S.C. § 3730(h))**

12                           **(Against All Defendants)**

13   45.    Ms. Wells realleges and incorporates by reference all paragraphs set

14   forth herein.

15   46.    Defendants' conduct, including but not limited to the terminating of

16   her employment was retaliation against her for trying to correct unlawful conduct

17   by CRA.

18   47.    Ms. Wells is entitled to damages as set forth in 31 U.S.C. §3730(h).

19   **WHEREFORE, MS. WELLS DEMANDS JUDGMENT AGAINST**

20   **DEFENDANTS AS FOLLOWS:**

21   A.    On Counts One, Two and Three judgment against Defendants for

22   treble the damages sustained by the United States, plus civil monetary penalties

23   for false claims and statements as allowable by law;

24   B.    On Counts Four, Five and Six judgment against Defendants for the

25   damages sustained by the United States;

26   C.    On Count Seven, judgment against Defendants for the damages

27   sustained by Ms. Wells;

28

- 8 -

D.     Ms. Wells respectfully requests leave of the Court to amend the Complaint when the amount of damages has been fully ascertained or to amend the Complaint to conform to proof at or prior to trial;

E.     For costs, fees and other relief as may be just and proper;

F.     For a ten percent (10%) surcharge in the amount of the debt owed pursuant to 28 U.S.C. § 3011.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of Federal Rules of Civil Procedure and pursuant to the local rules of Court, Ms. Wells demands a jury trial as to all issues so triable.

Dated: July / 2 2007                    Respectfully submitted by:

KREINDLER & KREINDLER LLP

MARK I. LABATON

LAW OFFICES OF GEORGE A. SHOHET

GEORGE SHOHET

- 9 -

206333.1

COMPLAINT FOR FALSE CLAIMS